UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GINA M.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C21-5378-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends by misevaluating the opinions of Drs Head and Losee, and the testimony she and her husband gave, the ALJ made erroneous residual functional capacity and step-five findings. Dkt. 12 at 2. Plaintiff also contends the ALJ's decision should be remanded due to a constitutional defect in the statutory structure for removing the Commissioner from office. *Id*. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 52 years old, has a high school diploma, and has worked as a waitress and childcare provider. Tr. 634-37. In June 2015, she applied for benefits, alleging disability as of May 20, 2015. Tr. 210-22. Her applications were denied initially and on

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

reconsideration. Tr. 114-22, 125-37. The ALJ conducted a hearing in June 2017 (Tr. 32-61), and subsequently found Plaintiff not disabled. Tr. 15-26. The Appeals Council denied Plaintiff's request for review (Tr. 1-6). Plaintiff sought review in the U.S. District Court for the Western Washington and the District Court reversed the ALJ's decision and remanded the matter for further administrative proceedings. Tr. 756-64. On remand, a different ALJ held a hearing (Tr. 621-77) and subsequently issued a decision finding Plaintiff not disabled.[1] Tr. 595-612. The Appeals Council denied Plaintiff's request for review (Tr. 581-87), and Plaintiff now seeks judicial review of the Commissioner's final decision.

## DISCUSSION

**A.     Medical Opinions**

Plaintiff's opening brief lists, seriatim, notations made by Gordon Luther, M.D., Craig Panos, M.D., William Gantz M.D., Ann Cox, ARNP, Gregory B. Raappana, PA-C, Ms. Latham, Dr. Jerome P. Zechman, M.D., Nicole Taylor, N.D., Leila Borders, M.D., Robert Hovancsek, DPM, and Clyde Carpenter M.D. Plaintiff acknowledges these medical providers did not provide opinions about any functional limitation but that if the ALJ had evaluated the providers' records properly the ALJ would have fully credited the opinions of Drs. Head and Losee. Dkt. 12 at 11.

The Court rejects Plaintiff's conclusory statement. Plaintiff cannot merely make a statement and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts. *See Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished) *citing*

---

[1] The Appeals Council consolidated the remanded claims with a subsequently filed benefits application. *See* Tr. 595, 785.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

*Vandenboom v. Barnhar*t, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review).  At best Plaintiff is arguing the medical evidence supports her position that she is disabled and the ALJ was wrong to discount the opinions of Drs. Head and Losee and come to a different conclusion. Plaintiff has the burden of establishing the ALJ harmfully erred. Simply stating the evidence supports Plaintiff's view is insufficient.

Plaintiff also contends the ALJ misevaluated the medical opinions of Rex Head, M.D. Melinda Losee, Ph.D.

**1.      Rex Head, M.D.**

Dr. Head examined Plaintiff in October 2015 and wrote a narrative report describing Plaintiff's symptoms and limitations.  Tr. 386-93.  The ALJ rejected Dr. Head's opinions regarding Plaintiff's functional limitations finding they lacked explanation beyond the doctor's indication that many of the limitations were based on Plaintiff's self-report.  Tr. 607-08 (citing Tr. 390-91).  The ALJ also found the walking limitations assessed by Dr. Head were inconsistent with Plaintiff's longitudinal functioning.  Tr. 608.  The ALJ found the lifting/carrying restrictions identified by Dr. Head  consistent with the record, and also found Plaintiff to be more limited as to sitting than Dr. Head suggested.  *Id*.  Finally, the ALJ found the postural and manipulative limitations described by Dr. Head were unsupported and inconsistent with the normal objective findings.  *Id*.  For these reasons, the ALJ gave partial weight to the exertional limitations listed in Dr. Head's opinion, and very little weight to the non-exertional limitations described therein.  *Id*.

Plaintiff argues the ALJ erred in rejecting the walking restrictions assessed by Dr. Head because those limitations are supported by Dr. Head's range-of-motion testing and clinical findings. Dkt. 12 at 4. Plaintiff fails to articulate how or why the clinical and range-of-motion findings support Dr. Head's conclusions regarding Plaintiff's limited ability to walk, and (as the ALJ noted (Tr. 608)), Dr. Head himself observed Plaintiff had no problem walking. Tr. 388 ("walked with no problem or limp."). Dr. Head did note tenderness in joints in Plaintiff's knee and feet (Tr. 389), but the ALJ reasonably contrasted this with Plaintiff's longitudinal functioning (see Tr. 606 (citing evidence of normal or minimally antalgic gait and full strength in the lower extremities)) and found that the record suggested that Plaintiff was not as restricted as to walking as Dr. Head indicated. Tr. 608.

Plaintiff's citation to range-of-motion findings does not establish error in the ALJ's assessment of Dr. Head's opinion in the context of the longitudinal record as well as Dr. Head's own testing and observations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province").

Plaintiff also argues in a conclusory fashion the ALJ erred in rejecting Dr. Head's opinions as not explained and reliant on Plaintiff's self-report rather than her functioning. The Court cannot say the ALJ's rationale is unreasonable. Dr. Head's physical examination findings do not on their face support the level of functioning he assessed, and he provided no explanation as to why his findings led to his conclusions. Plaintiff has accordingly failed to meet her burden

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

of establishing the ALJ's determination is not supported by substantial evidence. The Court therefore affirms the ALJ's assessment of Dr. Head's opinions.

### 2.     Melinda Losee, Ph.D.

Dr. Losee examined Plaintiff in April 2019 and wrote a narrative report describing Plaintiff's psychological symptoms and limitations, specifically her impaired concentration and attention. Tr. 955-59. Dr. Losee opined Plaintiff's test results indicated more limitation than Plaintiff herself reported, and that those results could be consistent with poor effort or the desire for a particular outcome, and repeated memory testing in the future would be useful. Tr. 958-59.

The ALJ gave partial weight to Dr. Losee's opinion, contrasting Dr. Losee's memory test results with other memory testing showing normal and intact memory even just two weeks after Plaintiff's concussion. Tr. 609. The ALJ found the record suggested Plaintiff has some memory and concentration deficits, but these deficits were not disabling and were consistent with a restriction to simple, routine tasks. *Id*.

Plaintiff acknowledges the ALJ identified evidence inconsistent with Dr. Losee's conclusions but argues that none of those inconsistencies justify the ALJ's rejection of the memory, attention, and concentration limitations listed by Dr. Losee. Dkt. 12 at 5. But, as noted *supra*, the ALJ did not entirely reject Dr. Losee's opinion. The ALJ included significant memory and concentration limitations in the RFC assessment, and pointed to other memory testing that undisputedly contradicts Dr. Losee's testing. Plaintiff has failed to meet her burden to show the ALJ erred in considering Dr. Losee's opinion in the context of the longitudinal record, or in discounting her opinion based on inconsistencies therein. *See Tommasetti*, 533 F.3d at 1041. In her reply brief Plaintiff also argues in a conclusory manner the ALJ impermissibly acted as her own medical expert. The ALJ discounted Dr. Losee's opinion on the grounds that

1 parts of the opinion were inconsistent with other evidence of record. The ALJ relied upon a
2 permissible basis to weigh Dr. Losee's opinions and Plaintiff's argument accordingly fails. The
3 Court accordingly affirms the ALJ's determination to discount Dr. Losee's opinions.

**B.      Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds that: (1) Plaintiff treated her conditions conservatively and declined to pursue some recommended treatment; (2) Plaintiff's functional physical findings were normal or close to normal other than just before/after knee surgery; and (3) Plaintiff's mental testing was also generally normal, other than during Dr. Losee's examination and Dr. Losee provided reasons to question the accuracy of her testing.  Tr. 601-06.  In the absence of evidence of malingering, an ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff first argues the ALJ's assessment of her testimony was tainted by errors in the ALJ's assessment of the medical opinion evidence.  Dkt. 12 at 12.  The argument fails because as discussed above the Court finds the ALJ did not harmfully err in rejecting the two contested medical opinions. Further as discussed above, Plaintiff cannot simply list the medical evidence and proclaim it supports the opinions of Drs. Head and Losee.

Plaintiff also argues the ALJ erred by simply summarizing the medical evidence that supports her RFC assessment without providing specific reasons to discount Plaintiff's allegations. Dkt. 12 at 12.  The argument is unsupported because the ALJ did summarize the medical evidence (Tr. 602-05), and also explained why, based on that evidence, he was discounting Plaintiff's testimony of disabling limitations.  *See* Tr. 606.  The Court concludes Plaintiff has failed to show the ALJ harmfully erred in this regard.

Plaintiff further argues the ALJ erred in discounting her allegations based on her conservative treatment, because her course of treatment does not undermine her allegations of pain. Dkt. 12 at 12. But the ALJ does not err in considering *inter alia* the type of treatment Plaintiff pursued for her allegedly disabling impairments, particularly because Plaintiff did not pursue recommended physical therapy on at least one occasion. *See* Social Security Ruling 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017) (indicating that the type of treatment a claimant receives is a factor to be considered in evaluating a claimant's testimony); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"). Plaintiff has not shown the ALJ erred in considering the type of treatment Plaintiff pursued to treat her allegedly disabling impairments, or her refusal to try recommended physical therapy.

Plaintiff also challenges the ALJ's reliance on normal functional findings, arguing such findings "prove[] nothing about" her allegations of pain. Dkt. 12 at 13. However, the normal findings cited by the ALJ indicate that despite Plaintiff's pain, she was able to walk normally and exhibit full strength in her lower extremities. *See* Tr. 606. The ALJ did not err in noting the extent to which Plaintiff's allegations of disabling physical limitations were inconsistent with the objective evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Lastly, Plaintiff argues the ALJ erred in discounting her mental limitations based on the inconsistencies between Dr. Losee's memory testing and other memory testing in the record because, contrary to the ALJ's decision, Dr. Losee described her testing as accurately reflecting

Plaintiff's functioning. Dkt. 12 at 13 (citing Tr. 956). Plaintiff fails to account for another section of Dr. Losee's report wherein she notes inconsistencies between Plaintiff's self-reported limitations and Dr. Losee's general observations on one hand, and Plaintiff's test results on the other. *See* Tr. 958-59. Plaintiff has not shown the ALJ erred in considering the entirety of Dr. Losee's opinion when assessing whether Dr. Losee's memory testing undermined Plaintiff's alleged limitations.

In sum, because the ALJ provided valid reasons supported by substantial evidence, the Court affirms the ALJ's determination to discount Plaintiff's testimony.

**C.    Plaintiff's Husband's Statement**

Plaintiff's husband completed a third-party function report in August 2019 describing Plaintiff's physical and mental limitations. Tr. 919-26. The ALJ indicated some parts of Plaintiff's husband's statement were consistent with the record and therefore accounted for them in the RFC assessment, but that other parts were contradicted by Plaintiff's testimony and/or the medical record. Tr. 609-10. For example, the ALJ noted Plaintiff's husband wrote Plaintiff had problems reaching and getting along with others, but Plaintiff never reported problems in these areas to her providers or in her own statements. Tr. 610. Plaintiff's husband also reported Plaintiff became confused, but none of the providers or examiners noted confusion. *Id*. The ALJ concluded Plaintiff's husband's report did not support a finding that Plaintiff was more limited than set forth in the RFC assessment. *Id.*

Plaintiff generally contends none of the ALJ's reasons to discount Plaintiff's husband's statement are germane, as is required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). But Plaintiff has not shown the ALJ erred in

finding Plaintiff's husband's statement to be inconsistent with Plaintiff's reporting or the findings of medical providers. Simply contending that such findings are unsupported by substantial evidence is an insufficient conclusory argument. *See* Dkt. 12 at 15; *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments: "We require contentions to be accompanied by reasons."). The ALJ provided specific examples of inconsistencies, which support the ALJ's germane reasons to discount Plaintiff's husband's statement. *See, e.g.*, *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *Burdon v. Colvin*, 650 F. App'x 535, 537 (9th Cir. May 27, 2016) (affirming an ALJ's discounting of a lay statement that was inconsistent with the claimant's own statements). Plaintiff has not established error in the ALJ's assessment of Plaintiff's husband's statement, and the Court therefore affirms this portion of the ALJ's decision.

**D.      Separation of Powers**

Plaintiff contends this case must be remanded because the structure for removing the Commissioner of Social Security, as found in 42 U.S.C. § 902(a)(3), violated the separation of powers under Article II of the U.S. Constitution, such that the Social Security Administration's decision to deny Plaintiff benefits was made by individuals who had not properly been delegated authority to make such decisions.

For the reasons stated in *Lisa Y. v. Commissioner of Social Security*, -- F.Supp 3d--, No.21-5207-BAT, 2021 WL 5177363 at *5-8 (W.D.Wash. Nov. 8, 2021), the Court finds 42 U.S.C. § 902(a)(3) violates separation of powers but the violation is not grounds to reverse the ALJ's findings and decision in this case whether in part or in its entirety.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 27th day of December, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge